REDMANN, Judge.
Defendant corporation (through persons whose own title to office is not deraigned) appeals from a judgment on its promissory note. Its theory is that the person who purported to execute the note as its president was not its president.
Of defendant’s 1,000 shares, 900 were owned by James Popp (its original president), 50 by Kristeen Kukla (its original secretary-treasurer) and 50 by one Loran Popp. These three were the corporate directors (and apparently there were no other officers).
James Popp was indebted to plaintiff when he died, leaving (the testimony is) his shares in defendant as virtually the sole asset of his succession., His sole legal heirs (his parents and sister) knowingly left Kukla to manage the affairs of the corporation — a decision in which she undoubtedly concurred. Whether or not the other surviving director concurred and, with Kukla, named Kukla president at a formal directors’ meeting is not shown.
Kukla was already known to plaintiff bank as the person with whom, on Popp’s authority, the bank discussed Popp’s delinquent loan while Popp lived. Kukla was also known as the secretary-treasurer of defendant corporation who signed corporate checks and paid installments of Popp’s personal debt with corporate checks. After Popp’s death, Kukla opened a new corporate checking account at one of plaintiff’s branches by presenting a corporate resolution on a bank form authorizing her as president to sign checks.
Meanwhile, there existed the possible threat of corporate take-over and even liquidation, should the bank seize the deceased Popp’s shares to obtain payment of his personal note. Kukla, acting as “president” of defendant, executed the corporate note sued on in order to discharge Popp’s personal note to the bank and thus avoid possible corporate take-over. (An unquestion *376 ed earlier resolution authorized the corporate president to borrow.) Kukla authorized monthly installments on the corporate note to be deducted from the corporate checking account, and for several months the installments were thus paid.
Later Kukla wrote Popp’s parents, advising them that she was abandoning the corporation.
■ On default of payment of installments on the corporate note, the bank accelerated maturity, waived unearned discounted interest, and sued for the balance with interest and attorney’s fees, obtaining the judgment now on appeal.
We conclude that, under all the circumstances including the apparent regularity of the corporate resolution identifying Kukla as president, the bank has presented sufficient evidence (in the absence of contradictory corporate evidence) to establish that Kukla, the corporation’s only other officer at Popp’s death, was lawfully made the president. For all that is shown, Kukla and Loran Popp may have held a directors’ meeting and elected Kukla. We conclude it was the corporation’s burden to go forward with the evidence to rebut the prima facie case of actual authority that the bank presented. The corporation did not sustain this burden.
The judgment is affirmed.